NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1266n.06

No. 11-1232

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Dec 10, 2012**

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JEFFREY D. TURNER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| CINDI CURTIN, | ) | |
| | ) | |
| Respondent-Appellee. | ) | OPINION |
| | ) | |

**Before: ROGERS and STRANCH, Circuit Judges; PEARSON, District Judge.**[*]

**ROGERS, Circuit Judge.** Criminal defendant Jeffrey Turner appeals the denial of

his request for federal habeas relief under 28 U.S.C. § 2254. Following a jury trial, Turner

was convicted of first-degree premeditated murder, felony murder, assault with intent to

commit murder, first-degree home invasion, and felony firearm for the shooting death of his

ex-girlfriend as well as the shooting of her current boyfriend. The district court dismissed

all of Turner's habeas claims, and certified one matter for appeal—whether the prosecutor's

comments allegedly alluding to Turner's failure to testify violated Turner's constitutional

rights to a fair trial and due process. The district court determined that because Turner did

not object at trial he procedurally defaulted his claim. Moreover, without proof of prejudice,

Turner could not establish cause—namely, ineffective assistance of counsel—to overcome

---

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of
Ohio, sitting by designation.

procedural default. On this basis, the district court properly denied Turner's request for habeas relief.

The events giving rise to this case occurred during the early morning hours of August 21, 2000. At that time, Felicia Watson was dating Aradondo Collins. Turner had known Watson for several years, and the two had previously dated. Watson's children, who were in the house at the time of the murder, testified at Turner's trial. Ten-year-old Charlotte Watson testified that on the morning that her mother was murdered, both Charlotte and her mother were asleep in their bedrooms, separated only by a hanging sheet. Charlotte testified that she saw Turner peek into the bedroom, that she heard four gunshots, and that she then saw Turner chase Collins out of the house. Chonte Watson, who was eight years old at time of trial, testified similarly that on the morning of the shooting she saw Turner climbing the stairs to the bedrooms and that she heard three gunshots.

Aradondo Collins testified that he came over around 11:00 or 11:30 p.m. on the night of the shootings. While asleep in Watson's bed, he heard noise from the stairs leading to the bedrooms. A moment later, Turner confronted Collins and Watson in Watson's bedroom. After Watson pushed Turner in an attempt to keep him away from Collins, Turner went downstairs. A few moments later, Turner returned with a gun and began shooting. Collins was struck by three bullets as he attempted to leave the house, with Turner following him. Collins also testified that he saw Turner shoot Watson. Watson was killed by two shots fired at close range.

A jury convicted Turner of first-degree premeditated murder, felony murder, assault with intent to commit murder, first-degree home invasion, and felony firearm. He was sentenced to life in prison for the first-degree murder conviction, 30 to 50 years for the assault conviction, 10 to 20 years for the home invasion conviction, and 5 years for the felony-firearm conviction.

Turner filed a direct appeal with the Michigan Court of Appeals, raising a number of claims, including that: (1) "the prosecutor ma[de] improper comment[s] to the jury in [his] opening statement and closing argument by making comment[s] unsupported by evidence, commenting on [Turner]'s trial silence, and shifting the burden of proof," and (2) "[Turner] was deprived of effective assistance of counsel by trial counsel's . . . failure to object to various improper arguments." R.10-14, Michigan Court of Appeals decision, Page ID #910. The Michigan Court of Appeals affirmed Turner's convictions, *People v. Turner,* No. 237038, 2003 WL 1387056, at *1 (Mich. Ct. App. Mar. 18, 2003), reviewing Turner's relevant prosecutorial misconduct claim on appeal for plain error because Turner did not object during trial. Without much discussion, the Court of Appeals determined that it was "unlikely that any of the prosecutor's statements affected the outcome of the trial." *Id.* at *2. The Court of Appeals also held that, with regard to Turner's ineffective assistance of counsel claim as it related to counsel's failure to object to instances of alleged prosecutorial misconduct, Turner "failed to show prejudice and his claim of ineffective assistance must fail" because "the prosecutor's conduct was either proper or had no impact on the outcome

3

of trial." *Id.* at \*3. The Michigan Supreme Court denied leave to appeal. R. 10-15, Michigan Supreme Court Decision, Page ID #946.

Turner filed a petition for writ of habeas corpus alleging, among other things, that the prosecutor committed misconduct during his closing argument by noting Turner's failure to testify. In his habeas petition, Turner points to the following three statements as evidence of the prosecutor's improper comments about Turner's failure to testify:

(1) [T]his case is uncontested in terms of the facts of the case and what happened. R. 10-11, Trial Tr., Page ID #756.

(2) I mean, he's got to say something. He's got to come of [sic] with some excuse. R.10-12, Trial Tr., Page ID #802.

(3) You know, he can make any argument if he [Mr. Feinberg, defense counsel] wants on behalf of Mr. Turner, but at the end of the day, provides no evidence in terms of his comments to you. *Id.*, Page ID #803.

The district court held that, because Turner did not object to the prosecutor's allegedly improper comments at trial, his claim was procedurally defaulted. R. 22, District Court Opinion, Page ID #1205-1206. The district court further determined that Turner could not establish sufficient cause—namely, ineffective assistance of counsel—to excuse the default. Although the comments were "inappropriate," and did "not fall within a gray area between proper and improper," the district court held that "because the evidence against [Turner] was overwhelming . . . the Court finds that the state court's finding that no prejudice resulted is not an unreasonable application of *Strickland*." *Id.*, Page ID #1212. As Turner also could not demonstrate that the failure to consider his claim would "result in a fundamental miscarriage of justice," *id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750

4

(1991)), federal habeas review was denied. R. 22, District Court Opinion, Page ID #1212. However, the district court granted a certificate of appealability on this claim.

We need not decide the extent to which AEDPA deference applies in this case to the prejudice analysis, because an independent review of the record shows Turner was not prejudiced by defense counsel's failure to object to the prosecutor's comment. Turner's prosecutorial misconduct claim was therefore procedurally defaulted. Turner's trial counsel failed to object to the prosecutor's comments at trial as required by Michigan's contemporaneous-objection rule, and because Turner did not preserve his objection, the Michigan Court of Appeals reviewed his claim for plain error. Turner, 2003 WL 1387056, at *1. Because Michigan courts follow the contemporaneous-objection rule, an "adequate and independent" ground upon which Michigan state courts may rely to foreclose review, Turner defaulted his claim by failing to follow this applicable procedural rule. *See Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003) (citing *Greer v. Mitchell*, 264 F.3d 663, 672-73 (6th Cir. 2001)).

Turner cannot overcome the procedural default of his prosecutorial misconduct claim because he is unable to establish cause and prejudice or that a fundamental miscarriage of justice would occur if this court did not hear his claim on habeas review. Even if Turner established cause "through a showing of counsel's ineffectiveness in failing to properly preserve a claim for review in state court," *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009) (citing *Ege v. Yukins*, 485 F.3d 364, 378 (6th Cir. 2007)), he has not shown that he suffered prejudice or that the outcome of his trial would have been different. "The prejudice

5

analysis for . . . procedural default and the prejudice analysis for the ineffective assistance of counsel argument are sufficiently similar to treat as the same in this context," *Vasbinder*, 563 F.3d at 237; thus, "establishing *Strickland* prejudice likewise establishes prejudice for purposes of cause and prejudice." *Joseph v. Coyle*, 469 F.3d 441, 462-63 (6th Cir. 2006). Because Turner has not shown ineffective assistance of counsel because he has not shown prejudice, he also has not established sufficient prejudice to overcome procedural default.

Defense counsel was not ineffective because, even assuming without deciding that the failure to object to the prosecutor's comments constituted deficient performance, this failure did not prejudice Turner's trial. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland v. Washington*, 466 U.S. 668, 697 (1984). To establish prejudice under *Strickland*, Turner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In this case, the district court correctly found that "because the evidence against [Turner] was overwhelming," Turner was unable to prove ineffective assistance of counsel sufficient to overcome his procedural default.

In light of the overwhelming evidence against Turner, the prosecutor's comments did not undermine the jury's guilty verdict. The victim's two daughters, who were in their bedrooms at the time of their mother's murder and whose rooms were separated from hers only by a sheet, knew Turner and testified against him. One daughter stated that she saw

6

Turner chase Collins down the stairs immediately following the shooting. Collins, who was shot by the intruder, also testified against Turner, as did several others. While there may have been some inconsistencies in the testimony, these were minor and all of the witnesses agreed that Turner was the shooter. R. 22, District Court Opinion, Page ID #1211. This overwhelming evidence undermines Turner's claim that, without the prosecutor's comments, there was a reasonable probability that the jury could have found him not guilty. Turner's case stands in contrast to two cases where the prosecutor's comments constituted misconduct, *Girts v. Yanai*, 501 F.3d 743 (6th Cir. 2007), and *Eberhardt v. Bordenkircher*, 605 F.2d 275 (6th Cir. 1979), as the prosecutors' comments in *Girts* and *Eberhardt* could have made a difference. In *Girts*, the evidence was "weak and limited," 501 F.3d at 757, including inconsistent physical evidence as well as an alibi that the defendant was out of state at the time of the victim's death. Similarly, in *Eberhardt*, the evidence was "far from 'overwhelming,'" as it relied heavily on eyewitness testimony in a "brief robbery in which none of the parties knew each other." 605 F.2d at 279.

Turner is also unable to "demonstrate that failure to consider [his] claim[ ] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Turner argues that the prosecutor's comments on his silence violated his constitutional rights to a fair trial and due process. Appellant Br. at 6-7. "When a petitioner makes a claim of prosecutorial misconduct, the touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor. On habeas review, [this court's] role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair." *Serra v.*

*Mich. Dep't of Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993) (citation and internal quotation marks omitted).  That is not the case here.  Even if the comments were improper, an issue we do not decide, the comments were not so egregious as to render the "entire trial fundamentally unfair," especially in light of the overwhelming—and consistent—evidence against Turner.

Because Turner has not shown that defense counsel's failure to object to the prosecutor's comments prejudiced the outcome of his trial, his ineffective assistance of counsel claim fails.  Turner thus cannot establish cause to overcome his procedural default.

For the foregoing reasons, the district court's denial of Turner's habeas petition is affirmed.